**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NUEVOS AIRES SHOWS LLC<br><br>**Plaintiffs**<br><br>**v.**<br><br>URS BÜHLER; CARLOS MARÍN; DAVID MILLER; SÉBASTIEN IZAMBARD; IL DIVO; IL DIVO ENTERTAINMENT TOURS INC. JORGE E. PINOS; JEP ENTERTAINMENT GROUP, INC.; COMPANY X; COMPANY Y; AND INSURERS A THROUGH I.<br><br>**Defendants** | **CIV. NO.**<br><br>BREACH OF CONTRACT; COMPENSATORY DAMAGES; PUNITIVE DAMAGES; INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP; OR UNJUST ENRICHMENT;<br><br>**JURY TRIAL DEMANDED** |

## <u>VERIFIED COMPLAINT[1]</u>

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, **NUEVOS AIRES SHOWS LLC** (also hereinafter referred to as "Plaintiff") through the undersigned attorney, and very respectfully **STATES**, **ALLEGES** and **PRAYS**:

## I. <u>THE PARTIES</u>

1. Plaintiff **NUEVOS AIRES SHOWS LLC**, hereinafter "**Nuevos Aires**", is a world-renowned entertainment company duly incorporated under the Laws of Florida, with the capacity to sue and be sued, that provides booking services for international artists and performers in the music industry, among others. **NUEVOS AIRES**' address is 10531 Paso Fino, Dr. Wellington, FL 33449.

---

[1] This present complaint is verified by **Nuevos Aires Shows LLC's** principal officer, Ms. Marcela Wilte, via statement attached as **Exhibit 1**.

2. Upon information and belief, Defendant **URS TONI BÜHLER** is a citizen of Switzerland, recognized as a prolific singer. Codefendant **BÜHLER** is part of the internationally renowned musical group **Il Divo** who regularly conducts business through commercial offices at **PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**. His personal address is **Xalet, El Cortalet, Carretera Comes de Banyas, AD400, La Massana, Andorra**.

3. Upon information and belief, Defendant **CARLOS MARIN MENCHERO** is a citizen of Spain, recognized as a prolific singer. Codefendant **MARIN MENCHERO** is part of the internationally renowned musical group **Il Divo** who regularly conducts business through commercial offices **at PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**. His personal address is **CALLE CEBREROS 96, PISO 7C, 28011, MADRID, ESPAÑA**.

4. Upon information and belief, Defendant **DAVID LEIGH MILLER** is a citizen of the United States, recognized as a prolific singer. Codefendant **LEIGH MILLER** is part of the internationally renowned musical group **Il Divo** who regularly conducts business through commercial offices at **PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**. His personal address is **515 W 38th Street, New York, New York**.

5. Upon information and belief, Defendant **SEBASTIEN GILLES MARIE IZAMBARD** is a citizen of the France, recognized as a prolific singer. Codefendant **GILLES MARIE IZAMBARD** is part of the internationally renowned musical group **Il Divo** who regularly conducts business through commercial offices at **PS Business Management LLC, 235 Park Avenue**

South, 9th Floor, NY, NY 10003. His personal address is **29829 Harvester Road, 90265 Malibu, CA, United States**.

6. **IL DIVO ENTERTAINMENT TOURS INC.** is a Delaware corporation, with the capacity to sue and be sued, which conducts business in the jurisdiction of Southern District of New York and is directly associated to Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER,** and **SEBASTIEN GILLES MARIE IZAMBARD,** collectively doing business as **Il Divo**. Upon information and belief, its Delaware address is **1013 Centre Road Suite 403S, Wilmington, DE 19805** and its New York address is **PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**.

7. Upon information and belief, Defendant **IL DIVO MUSIC LLC** is any business structure that profits from the industry of the internationally renowned musical group formed by Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC.,** and **IL DIVO MUSIC LLC,** collectively doing business as **IL DIVO**; or any entity that is the legal business conduit or the partnership, whether legally incorporated or not, that is formed by the natural persons described above and doing business as **IL DIVO**; the actual corporate name of this entity is unknown at this time so that **IL DIVO MUSIC LLC LLC** is used here for the purpose of naming an undetermined party. The address of such undetermined entity is **PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**.

8.  Defendant **INSURERS A**, **B**, **C**, **D**, **E** and **F**, whose name and principal place of business at this time are unknown, are five for-profit organizations, with the capacity to sue and be sued, that issued a policy with insurance coverage for or **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC.,** and **IL DIVO MUSIC LLC**, and any legal business conduit of the internationally renowned musical group doing business as **Il Divo,** respectively.

9.  Upon information and belief, Defendant **JORGE E. PINOS** is a citizen of Ecuador who resides in California, recognized as an agent and promoter, who personally negotiated terms of contract on behalf of Plaintiffs in favor of **IL DIVO**. Upon information and belief, his address and place of business is **2083 Booth St., Simi Valley, CA 93065**. **JORGE E. PINOS** conducted business with Il Divo through their New York office at **PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**.

10. Upon information and belief, Defendant **JEP ENTERTAINMENT GROUP, INC.** is a California corporation, with the capacity to sue and be sued, which transacts business in the jurisdiction of Southern District of New York and is directly associated to Defendant **JORGE E. PINOS or "JEP"**. This corporate entity transacted business with the musical group **Il Divo** and Plaintiff in the Southern District of New York.  Upon information and belief, its address is in California is **2083 Booth St., Simi Valley CA 93065**. **JEP** conducted business with Il Divo through their New York office at **PS Business Management LLC, 235 Park Avenue South, 9th Floor, NY, NY 10003**.

-4-

11. Defendant **INSURERS G** and **H**, whose name and principal place of business at this time are unknown, are two for-profit organizations, with the capacity to sue and be sued, that issued a policy with insurance coverage for the Defendants **Jorge E. Pinos** and **JEP**, respectively.

12. **COMPANY X** is a legal entity with the capacity to sue or be sued that is at this time unknown, and that did in fact materially participate in the acts detailed herein and thereby causing Plaintiff to suffer damages.

13. Defendant **INSURERS I** whose name and principal place of business at this time is unknown, are a for-profit organization, with the capacity to sue and be sued that issued a policy with insurance coverage for the defendant **Company X**.

14. **COMPANY Y** is a legal entity with the capacity to sue or be sued that is at this time unknown, and that did in fact materially participate in the acts detailed herein and thereby causing Plaintiff to suffer damages.

15. Defendant **INSURERS J** whose name and principal place of business at this time is unknown, are a for-profit organization, with the capacity to sue and be sued that issued a policy with insurance coverage for the defendant **COMPANY Y**.

16. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., IL DIVO MUSIC LLC**, **JORGE E. PINOS**, **JEP ENTERTAINMENT GROUP, INC.**, and **INSURERS A** through **I** will henceforth be referred to collectively as "Defendants".

## II.  NATURE OF ACTION, JURISDICTION AND VENUE

17. This is an action for **Breach of Contract**, **Compensatory Damages**, **Punitive Damages**, **Interference with a Contractual Relationship**, and **Unjust Enrichment** under New York Law.

18. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 insofar as there is complete diversity amongst the parties and the amount in controversy exceeds the jurisdictional amount of $75,000.00.

19. The parties conducted business and conducted commercial transactions in the Southern District of New York which as a result this is the adequate forum for the purpose of judicial disputes.

20. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 insofar as **Il Divo** and its members have their principal places of business in the United States in the Southern District of New York, and a substantial part of the transaction, acts and/or omissions giving rise to the claims in this matter occurred in this judicial district.

21. Defendants **Jorge E. Pinos** and **JEP Entertainment Group, Inc.** interfered with the contractual relationship and business dealings that were taking place between Plaintiff and **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., IL DIVO MUSIC LLC**, and **Il Divo**, and were based out of this Southern District of New York.

22. Venue is also proper in this district as **IL Divo** and its members use the jurisdiction of New York for the purpose of keeping an office, an accountant, a bank account, filing taxes and receiving payment for their artistic ventures.

### III. <u>FACTS COMMON TO ALL CLAIMS</u>

23. Plaintiff Nuevos Aires Shows LLC is a duly organized corporation based out of the State of Florida that renders agency services of the utmost quality for high profile clients in the music industry.

24. Among some of those clients are the international recording artists Franco De Vita, Camilo Sesto, Ana Gabriel, UB40, Alan Parsons, José Feliciano and Cristian Castro.

25. On or about the month of October 2017, Mr. Urs Bühler of the group Il Divo initiated contact with Plaintiff to inquire about its management services.

26. At the time of its first contacts with Plaintiff, the group Il Divo had not yet signed a major label contract with the multinational company UMG Recordings Inc.

27. Such contacts led to the exchange of several electronic messages between Plaintiff's principal executive, Ms. Marcela Wilte, and the group Il Divo. Generally, either Mr. Urs Bühler or Mr. Carlos Marin Menchero of **Il Divo** spoke and wrote on behalf of the group.

28. Most of the correspondence between Ms. Marcela Wilte and the group was channeled through Mr. Carlos Marin Menchero.

29. When addressing Plaintiff via email, Mr. Urs Bühler and Mr. Carlos Marin Menchero always represented that they were authorized to speak on behalf of the musical group Il Divo and its members.

30. Ms. Wilte put Plaintiff's resources at work and presented Mr. Urs Bühler and Mr. Carlos Marin Menchero with a proposal resulting from their conversations and Il Divo's objectives.

31. On October 21, 2017 Mr. Urs Bühler sent an email to Ms. Wilte confirming in writing acceptance of Plaintiff's proposed plan of action for the group, which had in turn been notified to the whole of Il Divo for their review. A faithful copy of this email is attached herein as **Exhibit 2**, as well as the proposal prepared by Plaintiff which is attached herein as **Exhibit 3**.

32. In particular, Mr. Bühler writes: "Dear Marcela, […] Thank you very much for your offer to install an initial Il Divo Office. We are all happy and would like to take you up on the offer." See **Exhibit 2**.

33. Plaintiff started her agency of the group Il Divo strongly by almost immediately putting together a tour of Mexico that spanned from the months of February to December 2018.

34. As a result of this agreement that was perfected between the parties, Il Divo went on to perform at least 90 concerts through the world that were handled and/or booked by Plaintiff or her associates.

35. Moreover, the parties agreed that Ms. Wilte would serve as the exclusive and direct agent for the group in expectation of procuring a major record label deal, and that Plaintiff would put its contacts and clout to achieve such deal.

36. Throughout their dealings, the parties agreed verbally they would work together for an extension of time intrinsically tied to the term of the record label contract to be signed, which the parties moreover agreed should be at least five (5) years.

37. Pursuant to the engagement agreed upon by the parties, Plaintiff successfully procured a lucrative major label contract for Il Divo with UMG Recordings Inc. executed on 2018 for the term no less than five (5) years.

38. Pursuant to its duties as a booking agent, Plaintiff contracted the services of Mr. Jorge E. Pinos and his company JEP Entertainment Group, Inc. for support with the administration of concert dates for the group.

39. Mr. Jorge E. Pinos and his company JEP Entertainment Group, Inc. had no contact with the musical group Il Divo prior to connecting with them through the agency of Plaintiff.

40. Mr. Jorge E. Pinos and his company JEP Entertainment Group, Inc. worked with Il Divo as a paid representative of Plaintiff.

41. Mr. Jorge E. Pino and his company JEP Entertainment Group, Inc. were hired by Plaintiff to perform services on behalf of the company, including but not limited to, making liaisons with interested record labels.

42. The duties performed by Plaintiff on behalf of Urs Bühler, Carlos Marín, David Miller, Sébastien Izambard, and Il Divo Entertainment Tours Inc., doing business as Il Divo include, but are not limited to, the following:

    a. Contacted promoters and negotiated closing terms for contracts. Worked at drafting, reviewing and approval of the language for said contracts.

b.  Coordinated, orchestrated and produced the recording of a video clip in Buenos Aires, Argentina.

c.  Coordinated, orchestrated and produced the musical group's rehearsal sessions, including procuring staff and musicians in Mexico.

d.  Generated and made available financial and budgeting statements pertaining to each tour executed.

e.  Payed for and handled the group's staff including the troupe of dancers employed for the concerts.

f.  Followed up on payments for services for the group's personnel on behalf of Il Divo.

g.  Developed and invested in developing merchandising for the group.

h.  Managed press releases, public relations and communications as well as social media presence for the group.

i.  Produced and payed for a website for the group.

j.  Procured and managed a contract for a broadcasted show in Japan.

k.  Provided sound advice regarding best practices in the music and touring industry.

43. On or about the month of July 2018, and after many of the services rendered and investments made by Plaintiff had come to fruition **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., IL DIVO MUSIC LLC**, **JORGE E. PINO**, and **JEP ENTERTAINMENT GROUP, INC.** seized all communication with Plaintiff.

44. Plaintiff began to sustain monetary damages as well as a loss to its reputation and goodwill as soon as Defendants disappeared without cause or notice.

45. After numerous efforts by Plaintiff to reach Defendants and continue its contractual engagements to no avail, formal notice of claim for breach of contract was served on December 6, 2018, attached herein as **Exhibit 4**.

46. To this date, Defendants have not adequately replied to this formal claim letter, and moreover continue to ghost and avoid Plaintiff.

47. Plaintiff's ability to generate income has been significantly truncated by the fact that its major investment and artistic development project for the year 2018, Defendants Il Divo seized to effectively communicate.

48. Plaintiff has not yet received:

    a. **Ten thousand dollars ($10,000.00)** owed and corresponding to royalties accrued for <u>merchandising</u> projects.

    b. **Ten thousand dollars ($10,000.00)** commissions for <u>meet and greet</u> type events.

    c. Due commissions based upon the UMG contract.

49. Plaintiff lost considerable opportunities with other high-profile contacts in the music industry for being thoroughly devoted to developing leads for Il Divo.

## IV. <u>DEFENDANT'S WRONGFUL ACTIVITIES</u>

50. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively

doing business as **Il Divo** represented in bad faith that they would honor the verbal agreement subscribed with Plaintiff.

51. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo took advantage of significant opportunities and exposure facilitated by Plaintiff but failed to compensate it as called for in the verbal agreement.

52. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, derived benefit from the investments made by Plaintiff in public relations related endeavors and activities.

53. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, derived benefit from the investments made by Plaintiff in their social Media presence and promotion.

54. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, derived benefit from the investments made by Plaintiff in the goodwill associated with the Il Divo trademark.

55. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, derived benefit from the investments made by Plaintiff in the group's website.

56. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, derived benefit from the investments made by Plaintiff in their booking methodology.

57. **MR. JORGE E. PINOS** and his company **JEP ENTERTAINMENT GROUP, INC.** took advantage of the agreements reached between Plaintiff and **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, and did so with the intent of deriving profit at the expense of Plaintiff.

58. **MR. JORGE E. PINOS** and his company **JEP ENTERTAINMENT GROUP, INC.** unlawfully interfered with the agreements reached between Plaintiff and **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo.

59. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO**

ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC, all collectively doing business as Il Divo, **MR. JORGE E. PINOS** and his company **JEP ENTERTAINMENT GROUP, INC.** conspired to deprive Plaintiff of rightful compensation under the verbal contract subscribed with Il Divo and/or any of its business conduits.

60. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, and **MR. JORGE E. PINO** and his company **JEP ENTERTAINMENT GROUP, INC.** derived benefits at the expense of losses suffered by Plaintiffs.

61. **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, and **MR. JORGE E. PINO** and his company **JEP ENTERTAINMENT GROUP, INC.** behaved through actions have the character of outrage frequently associated with crime.

62. The conduct of **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all collectively doing business as Il Divo, and **MR. JORGE E. PINO** and his company **JEP ENTERTAINMENT GROUP, INC.** is of an egregious nature and was intentionally directed toward the plaintiff to cause it harm.

63. Company X Company Y and any other corporate structure used by Il Divo materially participated in all the acts of breach of contract detailed herein.

64. Company X and Company Y materially participated in all the acts of Interference with a Contractual Relationship detailed herein.

## V. 1st CAUSE OF ACTION

### Breach of Verbal Contract
### And Compensatory Damages

65. All preceding allegations and statements of fact are incorporated and re-alleged as if fully set forth herein.

66. Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** failed to perform their obligations to pay Plaintiff for commissions owed, in breach of the verbal contract executed by the parties.

67. Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** by their actions and omissions, substantially failed to perform the essential elements of their own proposed agreement, namely payment in full for services rendered.

68. Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** breach of the contract between the parties substantially deprived Plaintiffs of significant pecuniary benefits that it reasonably expected under the same.

69. Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** breach of the agreement resulted in substantial benefits and pecuniary gain for the defendants at the expense of Plaintiffs.

70. Plaintiff has sustained loss to its business income and profit, directly as a result of Defendants breach of contract.

71. Losses sustained are in the amount of at least **two million seven hundred and ninety-four thousand and eight hundred dollars ($2,794,800.00.)**

## VI. 2nd CAUSE OF ACTION

### Collection of fees outstanding and
### Demand for performance

72. All preceding allegations and statements of fact are incorporated and re-alleged as if fully set forth herein.

73. A valid contractual relationship exists between the Plaintiff and **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**;

74. Plaintiff have completely performed their obligations under the contract;

75. Defendant **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** owe Plaintiff money and are able to perform their monetary obligations under the contract;

76. Since Plaintiff has no adequate remedy at law other than demanding performance before this Honorable Court since it already performed agency services to great fruition while Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** fail to make payments for due to such services.

77. Plaintiff has sustained loss to its business income and profit, directly as a result of Defendants failure to make payment for service rendered and commissions due.

78. Damages sustained are in the amount of at least **twenty thousand dollars ($20,000)**.

## VII.    3rd CAUSE OF ACTION

### Punitive Damages, Interest
### Attorney's fees and costs

79. All preceding allegations and statements of fact are incorporated and re-alleged as if fully set forth herein.

80. Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** actions and omissions constitute a breach of contract under New York law.

81. Plaintiff has sustained monetary damages due to loss of opportunity costs and cash flow, directly as a result of Defendants actions and omissions.

82. Furthermore, Defendant **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** actions have made Plaintiffs susceptible to liability with its own employees and contractors.

83. As a result of Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** breach of their contract with Plaintiffs, the latter are entitled to legal interest due to outstanding payments for commissions for engagements effectively procured on their behalf, in addition to attorneys' fees and costs required for the prosecution of this claim.

84. Such interest owed by Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** to Plaintiff shall be determined at Trial.

85. Defendant's conduct is highly reprehensible as it involved deception and bad faith as well as the unlawful appropriation of corporate resources and contacts exclusively developed by Plaintiff.

86. Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** conduct is actionable as an independent tort.

87. The tortious conduct denounced in this cause of action is of an evidently egregious nature.

88. The egregious conduct is directed toward the Plaintiff.

89. Defendants' conduct is part of a pattern of bad faith dealing within the music industry where responsible service providers and professional may come to be deprived of payment for the services by double dealing industry players.

90. Thus, Plaintiffs are entitled to punitive damages, which should treble the amount of compensatory damages for a total of **eight million dollars three hundred and eighty-four thousand and four hundred dollars ($8,384,400)** to be paid by **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC**, all doing business as **IL DIVO**.

91. It is estimated that Plaintiffs will be forced to incur in legal fees and costs valued at no less than **two hundred and fifty thousand ($250,000)** but possibly more in order to vindicate their rights against all Defendants.

### VIII.      4th CAUSE OF ACTION
### Tort under New York Law
### Interference with a Contractual Relationship
### and Punitive Damages

92. All preceding allegations and statements of fact are incorporated and re-alleged as if fully set forth herein.

93. Defendants **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.** knew that the Group II Divo, collectively and each of its members, had a valid verbal contract with Plaintiff.

94. Defendants **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.** caused **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC's** to breach their verbal contract with Plaintiff.

95. Defendants **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.** interfered with Plaintiff and the group II Divo's contractual relationship intentionally and with clear intent to cut Plaintiff out of the equation.

96. Defendants **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.'s** actions have the character of outrage frequently associated with crime.

97. As it relates to **JEP ENTERTAINMENT GROUP, INC., Mr. JORGE E. PINOS** functioned as a superior officer employed in a managerial capacity who participated in, authorized, consented to, or ratified the misconduct alleged such that his participation in the wrongdoing renders the employer blameworthy, and arouses the institutional conscience for corrective action.

98. Defendants **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.'s** tortious acts resulted in special damages to Plaintiffs reputation and it is estimated these are worth at least **two million dollars ($ 2,000,000)**.

99. Defendant **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.'s** acts are both tortious and without any excuse or justification by an act or series of acts which would otherwise be lawful.

100.     Thus, Plaintiffs are entitled to punitive damages, which should treble the amount of compensatory damages for a total of **six million dollars ($6,000,000)** to be paid by **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.**

101.     Such interest owed by Defendants **JORGE E. PINOS** and **JEP ENTERTAINMENT GROUP, INC.'s** to Plaintiff shall be determined at Trial.

### IX. 5th CAUSE OF ACTION

### Unjust Enrichment

102.     All preceding allegations and statements of fact are incorporated and re-alleged as if fully set forth herein.

103.      In the alternative to the counts of Breach of Contract, Compensatory Damages, Punitive Damages, and Interference with a Contractual Relationship, and based upon the allegations set forth herein, it is alleged that all Defendants to this present action were materially enriched at the expense of Plaintiffs.

104.     All Defendants benefitted from Plaintiff's investment, work and agency.

105.     All Defendants benefited at the Plaintiff's expense.

106.      Thus, it is against equity and good conscience to permit Defendants to retain what Plaintiffs seek to recover.

107.     All Defendants unjustly derived profit at the expense of Plaintiffs.

108.     The Defendants stand to be liable for an amount of at least **two million dollars ($2,000,000)** due to the acts of unjust enrichment detailed herein.

## X.  JURY DEMAND

Plaintiff demands trial by jury.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants as follows:

a. That judgment be entered for Plaintiff against Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** in the amount of no less than **twenty thousand dollars ($20,000.00)** for fees corresponding to services rendered yet unpaid.

b. That Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** be ordered to pay Plaintiff an amount of at least but no less than **two million three hundred and twenty-nine thousand dollars ($2,329,000.00)** corresponding to compensatory damages for breach of contract.

c. That Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** be ordered to pay Plaintiff an amount of at least but no less than **six million nine hundred and eighty-seven hundred thousand dollars ($6,987,000.00)** corresponding to punitive damages sustained by Plaintiff due to Defendants breach of contract.

d. That Defendants **URS TONI BÜHLER, CARLOS MARIN MENCHERO, DAVID LEIGH MILLER, SEBASTIEN GILLES MARIE IZAMBARD, IL DIVO ENTERTAINMENT TOURS INC., and IL DIVO MUSIC LLC** be ordered to pay Plaintiffs an amount corresponding to legal interest for an amount to be determined at Trial.

e.  That Defendants **JORGE E. PINOS** AND **JEP ENTERTAINMENT GROUP INC.** be ordered to pay Plaintiffs an amount of no less than **two million dollars ($2,000,000.00)** corresponding to compensation due to their tortious acts which resulted in damages sustained by Plaintiff.

f.  That Defendants **JORGE E. PINOS** AND **JEP ENTERTAINMENT GROUP INC.** be ordered to pay Plaintiffs an amount of no less than **six million dollars ($6,000,000.00)** corresponding to punitive damages.

g.  That Defendants **JORGE E. PINOS** AND **JEP ENTERTAINMENT GROUP INC.** be ordered to pay Plaintiffs an amount corresponding to legal interest for an amount to be determined at Trial.

h.  In the alternative, that all Defendants in the case be ordered to pay Plaintiffs an amount of no less than **two million dollars ($2,000,000.00)** due to their unjust enrichment.

i.  For Attorney's Fees and Costs, totaling an estimated amount of **two hundred and fifty thousand ($250,000.00)**.

j.  For any further relief the Court deems proper.

**RESPECTFULLY SUBMITTED.**

In New York, New York, this February 26, 2019.

S/EDWIN PRADO
*Attorney for Plaintiffs*
NY State Reg. No. EP8202

**Prado, Núñez & Asociados, P.S.C.**
403 Del Parque Street, Suite 8
San Juan, Puerto Rico 00912
Ph.: (787) 977-1411
Fax: (787) 977-1410
pradolaw10@gmail.com